L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were married in 1985. In 1992 they adopted a minor child. In November 1992 the parties moved to North Carolina. In May 1993 they separated. The wife and the child subsequently moved to Birmingham, Alabama.
In November 1993 the District Court of Durham, North. Carolina, issued an order, providing that the mother would have custody of the minor child and that the father would be entitled to liberal visitation.
In December 1993 the mother filed a complaint for divorce in the Circuit Court of Jefferson County, Alabama, seeking, among other things, custody of the minor child. In February 1994 the father filed a motion to dismiss or, in the alternative, a motion to transfer, advising the court of the prior custody order entered in North Carolina. The trial court denied the father’s motion and held a hearing on the merits. Among other things, the trial court awarded custody to the mother. The father was granted visitation. His visitation, however, was restricted to the state of Alabama until the child reached 10 years of age. The father appeals.
The father asserts that the trial court “erred by failing to recognize the continuing jurisdiction of North Carolina under the federal Parental Kidnapping Prevention Act as the State that issued the original custody determination and by failing to follow the requirements of the Alabama Uniform Child Custody Jurisdiction Act.”
We find Ex parte Blanton, 463 So.2d 162 (Ala.1985), to be similar to the fact situation before us and, therefore, dispositive of this appeal.
In Blanton, the parties were married in 1971. In 1979 they moved to Louisiana. In 1982 they separated, and the wife filed for divorce in Louisiana. A consent judgment was entered in that state, where, although not granting a divorce, custody of the parties’ two minor children was awarded to the mother.
The mother and the children subsequently moved to Mobile, Alabama. In 1983 the mother filed for a divorce in Mobile County. The father filed a motion to dismiss, advising the court that there was an action pending in Louisiana. At that time the father had moved from Louisiana and was residing in Texas. The trial court denied the motion and the father appealed.
The father asserted that pursuant to the Parental Kidnapping Prevention Act (P.K.P.A.), 28 U.S.C.A. § 1738A (West Supp. 1994), and Alabama’s version of the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), Code 1975, §§ 30-3-20 through -44, the trial court was barred from exercising jurisdiction over his children.
The supreme court took the opportunity to extensively interpret the application of the P.K.P.A. to the facts of the case. We do not find it necessary to reproduce that technical interpretation here. The crux of the opinion was that once jurisdiction was established in Louisiana, that state continued to have jurisdiction under the P.K.P.A., as long as the child or one of the contestants remained in that state. In Blanton, the father did not remain in Louisiana. The supreme court found that Louisiana’s jurisdiction had terminated before the Mobile court acted. In reaching this conclusion, the supreme court stated the following:
“Thus, regardless of how long its jurisdiction continued under state law, the Louisiana court’s jurisdiction under the P.K.P.A. continued only as long as one of the Blan-ton children, Mrs. Blanton, or Mr. Blanton *1359 continued to reside there. If one or more of the above-named parties continued to reside in Louisiana at the time the Mobile court exercised its jurisdiction, the Louisiana court’s continuing jurisdiction triggered § 1738A(g) and the action of the Mobile court, even though proper under Alabama’s ‘home state’ provision, was barred. On the other hand, if all the parties left Louisiana prior to the time the Mobile court acted, the Louisiana court was no longer exercising its jurisdiction consistently with the P.K.P.A. at that time, leaving the Mobile court free to act.”
In this case, the father continued to reside in North Carolina at the time the Jefferson County court exercised jurisdiction. The North Carolina court’s continuing jurisdiction triggered § 1738A(g) of the P.K.P.A.[1], and the action of the Jefferson County court, even though proper under Alabama’s “home state” provision, was barred.
It does not appear from the record that the Jefferson County court had any contact with the North Carolina court. Under § 30-3-26(c), of the U.C.C.J.A.,
“If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending, to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 30-3-39 through 30-3-42.”
We recognize that the mother did not inform the trial court of the existence of the North Carolina judgment at the time of the filing of her complaint, as directed by § 30-3-26. However, the court was so informed before rendering its judgment. Had the trial court communicated thereafter with the North Carolina court, as directed in § 30-3-26(c), accommodation between the courts could have occurred. It has been our experience that such communication between courts of competing jurisdiction seldom occurs. Clearly, it is the purpose of the statute that conflict between the courts of states should not exist.
We find that it was error for the trial court to exercise jurisdiction over the child without complying with the requirements of the P.K.P.A. and the U.C.C.J.A. The judgment of the trial court in denying the father’s motion to dismiss is reversed. The cause is remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.

. "A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another state where such court of that other state is exercising jurisdiction consistently with the provisions of this section to make a custody determination.”